# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
*In re*                                          :   Chapter 11
:
**CAPMARK FINANCIAL GROUP INC.,** *et al.*,      :   Case No. 09-13684 (CSS)
:
Debtors.                                  :   Jointly Administered
:
:
---------------------------------------------------------------x


## THIRD AMENDED JOINT PLAN OF CAPMARK FINANCIAL GROUP INC. AND CERTAIN AFFILIATED PROPONENT DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE


| | |
|---|---|
| DEWEY & LEBOEUF LLP | RICHARDS, LAYTON & FINGER, P.A. |
| 1301 Avenue of the Americas | One Rodney Square |
| New York, New York 10019 | 920 North King Street |
| Tel:  212.259.8000 | Wilmington, Delaware 19801 |
| | Tel:  302.651.7700 |
| | |
| Co-Attorneys for the Debtors and Debtors in Possession | Co-Attorneys for the Debtors and Debtors in Possession |


Dated:  August 23, 2011

Claim; *provided*, *however*, that neither the failure to effect such a setoff nor the allowance of any Claim hereunder shall constitute a waiver or release by the Proponent Debtors or the Reorganized Debtors of any such claims, rights and causes of action that the Proponent Debtors or the Reorganized Debtors may possess against such holder.

      5.13    Allocation of Plan Distributions Between Principal and Interest.  To the extent that any Allowed Claim entitled to a Distribution under the Plan is comprised of indebtedness and accrued but unpaid interest thereon, such distribution shall be allocated first to the principal amount of the Claim (as determined for U.S. federal income tax purposes) and then, to the extent the consideration exceeds the principal amount of the Claim, to accrued but unpaid interest.

## ARTICLE VI

## TREATMENT OF DISPUTED CLAIMS UNDER THE PLAN

      6.1    Objections to Claims; Prosecution of Disputed Claims.

      (a)    The Proponent Debtors or Reorganized Debtors shall object to the allowance of Claims filed with the Bankruptcy Court with respect to which the Proponent Debtors dispute liability in whole or in part.  Unless resolved by settlement between the Proponent Debtors and the holder of a Claim, all objections filed and prosecuted by the Proponent Debtors or Reorganized Debtors as provided herein shall be litigated to Final Order by the Proponent Debtors or Reorganized Debtors, as applicable.

      (b)    Unless otherwise provided herein or ordered by the Bankruptcy Court, all objections to Claims shall be served and filed on or before the later of (i) one hundred eighty (180) days after the Effective Date, as such deadline may be extended by order of the Bankruptcy Court and (ii) such date as may be fixed by the Bankruptcy Court, after notice and hearing, whether fixed before or after the date specified in the foregoing clause (i).

      6.2    No Distributions Pending Allowance.  Except as provided in section 6.3 below, and notwithstanding any other provision hereof, if any portion of a Claim is a Disputed Claim, no Distribution provided for hereunder shall be made on account of any portion of such Claim unless and until such Disputed Claim becomes an Allowed Claim.  No interest shall be paid on account of Disputed Claims that later become Allowed except to the extent that payment of interest is required under section 506(b) of the Bankruptcy Code.

      6.3    Reserve Account for Disputed Claims.  On and after the Effective Date, the Disputed Claims Reserve shall hold Cash, Reorganized CFGI Debt Securities and Reorganized CFGI Common Stock in an aggregate amount sufficient to pay all holders of Disputed Claims the Distributions they would have been entitled to receive under the Plan if all their Claims had been Allowed Claims on the Effective Date, net of any taxes imposed on the Disputed Claims Reserve or otherwise payable by the Disputed Claims Reserve.  The Cash component of such

(b) the date of entry of an order by the Bankruptcy Court authorizing rejection of such executory contract or unexpired lease.

7.4     Indemnification and Reimbursement Obligations.  For purposes of the Plan, the obligations of the Proponent Debtors to indemnify and reimburse persons who are or were directors, officers, or employees of any of the Proponent Debtors prior to or on the Commencement Date or at any time thereafter against and for any claims, liabilities or other obligations (including, without limitation, fees and expenses incurred by the board of directors of any of the Proponent Debtors, or the members, officers, or employees thereof, in connection with the Chapter 11 Cases) pursuant to articles of incorporation, codes of regulations, bylaws, applicable state law, or specific agreement, or any combination of the foregoing, shall survive confirmation of the Plan, remain unaffected hereby, and not be discharged in accordance with section 1141 of the Bankruptcy Code, irrespective of whether indemnification or reimbursement is owed in connection with an event occurring before, on, or after the Commencement Date.  In furtherance of the foregoing, the Reorganized Debtors shall maintain insurance for the benefit of such directors, officers, or employees at levels no less favorable than those existing as of the date of entry of the Confirmation Order for a period of no less than six years following the Effective Date.

7.5     Existing Compensation and Benefit Programs.  Except as provided in Section 7.1 of the Plan, the Proponent Debtors' existing health care plans (including medical plans, dental plans, vision plans, prescription plans, health savings accounts and spending accounts), defined contribution benefit plans, severance plans, discretionary bonus plans, performance-based incentive plans, long-term incentive plans, retention plans, international tax equalization programs, workers' compensation programs and life, disability, accidental death and dismemberment, directors and officers liability, and other insurance plans are treated as executory contracts under the Plan and shall, on the Effective Date, be deemed assumed by the Proponent Debtors in accordance with sections 365(a) and 1123(b)(2) of the Bankruptcy Code. On and after the Effective Date, all Claims submitted for payment in accordance with the foregoing benefit programs, whether submitted prepetition or postpetition, shall be processed and paid in the ordinary course of business of the Reorganized Debtors, in a manner consistent with the terms and provisions of such benefit programs.

7.6     Reorganized CFGI New Compensation Plans.  On the Effective Date, the Reorganized CFGI New Compensation Plans established by the Reorganized Debtors shall be executed and become effective, and the beneficiaries under such plans shall be governed by its terms.

## ARTICLE VIII

## CORPORATE GOVERNANCE AND
## MANAGEMENT OF REORGANIZED DEBTORS

8.1     Reorganized Debtors Directors and Officers.  The Board of Directors of Reorganized CFGI will be composed initially, on and after the Effective Date, of eight (8) members jointly approved by the Proponent Debtors, the Committee and the Ad Hoc Unsecured

Lender Group.  In the event that any vote of the Board of Directors results in a tie, the Chair shall cast the deciding vote.  The number and members of the Boards of Directors of the remaining Reorganized Debtors shall also be jointly approved by the Proponent Debtors, the Committee and the Ad Hoc Unsecured Lender Group.  The names of the members of the Board of Directors are identified in Schedule 8.1 of the Plan Supplement.  Each of the members of such Boards of Directors shall serve in accordance with applicable non-bankruptcy law.  The initial officers of the Reorganized Debtors shall be the same officers that served such Proponent Debtors immediately prior to the Effective Date. Such officers shall serve in accordance with applicable non-bankruptcy law.

8.2     <u>Amendment of Governance Documents.</u>  The respective Governance Documents of the Proponent Debtors shall be amended as of the Effective Date to be substantially in the form of the Reorganized Debtors' Certificate of Incorporation, the Reorganized Debtors' Bylaws and the Reorganized Debtors' LLC Agreement, as applicable.  The Governance Documents shall contain provisions (i) prohibiting the issuance of non-voting equity securities, as required by section 1123(a)(6) of the Bankruptcy Code (subject to further amendment of such certificates or articles of incorporation and bylaws, or other Governance Documents, as permitted by applicable law), and (ii) effectuating the provisions of the Plan, in each case without further action by the stockholders or directors of the Proponent Debtors or the Reorganized Debtors.

8.3     <u>Corporate Action</u>.  On the Effective Date, the adoption of the Reorganized Debtors' respective amended Governance Documents shall be authorized and approved in all respects, in each case without further action under applicable law, regulation, order, or rule, including, without limitation, any action by the stockholders of the Proponent Debtors or the Reorganized Debtors.  All other matters provided under the Plan involving the corporate structure of the Reorganized Debtors or corporate action by the Reorganized Debtors shall be deemed to have occurred, be authorized, and shall be in effect without requiring further action under applicable law, regulation, order, or rule, including, without limitation, any action by the stockholders of the Proponent Debtors or the Reorganized Debtors.  Without limiting the foregoing, from and after the Confirmation Date, the Proponent Debtors or the Reorganized Debtors shall take any and all actions deemed appropriate to consummate the transactions contemplated herein.

8.4     <u>Corporate Authority of the Debtors</u>.  On the Effective Date, or as soon as reasonably practicable thereafter, the Reorganized Debtors may take all actions as may be necessary or appropriate to effect any transaction described in, approved by, contemplated by, or necessary or appropriate to effectuate the Plan, including without limitation:  (1) causing the Disbursing Agent to make Distributions under the Plan, (2) the execution and delivery of appropriate agreements or other documents of merger, consolidation, conversion, or reorganization containing terms that are consistent with the terms of the Plan and that satisfy the requirements of applicable law; (3) the execution and delivery of appropriate instruments of transfer, assignment, assumption, or delegation of any property, right, liability, duty, or obligation on terms consistent with the terms of the Plan; and (4) the execution and filing of Governance Documents with the appropriate governmental authorities pursuant to applicable law.