# Exhibit I

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CAPMARK FINANCIAL GROUP, INC., *et al.*, | Case No. 09-13684 (CSS)<br>(Jointly Administered) |
| Debtors. | |

## ORDER ON MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS UNDER FED. R. BANKR. P. 7052, 9014 AND 9023 FOR RECONSIDERATION, AMENDMENT AND/OR CLARIFICATION OF CERTAIN OF THE COURT'S NOVEMBER 1, 2010 FINDINGS OF FACT AND CONCLUSIONS OF LAW

Upon the motion dated November 12, 2010 (the "Reconsideration Motion") of the

Official Committee of Unsecured Creditors (the "Committee"), pursuant to Rules 52 and 59 of

the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable hereto by Rules

7052, 9014 and 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for

reconsideration, amendment and/or clarification of certain of the Court's November 1, 2010

Amended Findings of Fact and Conclusions of Law  (the "Opinion")[1]; and upon the objections

(the "Objections") thereto of (i) Goldman Sachs Credit Partners L.P., Goldman Sachs Canada

Credit Partners Co., Goldman Sachs Mortgage Company, and Goldman Sachs Lending Partners

LLC (collectively, the "Goldman Lenders"), and (ii) Dune Real Estate Fund LP and Dune Real

Estate Parallel Fund LP (collectively, "Dune"); and upon the Committee's reply to the

Objections (the "Reply"); and upon the Goldman Lenders' and Dune's sur-replies to the

Committee's Reply; and the Court having jurisdiction to consider the Reconsideration Motion

and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration

of the Reconsideration Motion and the relief requested therein being a core proceeding pursuant

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Reconsideration Motion or the Opinion, as applicable.

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Reconsideration Motion having been provided to: (i) the Debtors, and (ii) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Rule 2002-1(b) of the Local Bankruptcy Rules for the District of Delaware; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Reconsideration Motion on April 11, 2011 (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Reconsideration Motion, solely to the extent granted herein, is appropriate and justified under the circumstances and that the legal and factual bases set forth in the Reconsideration Motion establish just cause for the limited relief granted herein; and upon the settlement of the preference claims under section 547 of the Bankruptcy Code (the "Preference Claims") with respect to Dune, which is subject to further documentation; and upon the Debtors' filing of their proposed chapter 11 plan under which the Preference Claims with respect to the Goldman Lenders would be retained by the reorganized debtors; and counsel for the Committee having informed the Court of the withdrawal of the Standing Motion, with prejudice, as it relates to the Goldman Lenders and any of their affiliates; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Reconsideration Motion is granted solely to clarify that the Court's ruling in the Opinion that the Committee's Standing Motion is moot applies only to those claims the Committee sought to prosecute under the Standing Motion that were settled by the Settlement and does not apply to the Preference Claims; and it is further

ORDERED that as it relates to the Goldman Lenders and any of their affiliates, the Standing Motion hereby is and shall be deemed withdrawn by the Committee, with prejudice, to the Committee; and it is further

ORDERED that the right of the Goldman Lenders and any of their affiliates to assert that none of the Committee, the Debtors, the reorganized Debtors, nor any other party or any party purporting to succeed or actually succeeding to the rights of the Committee or the Debtors shall have standing to prosecute the Preference Claim, e.g., solely by example, to argue that the Debtors or reorganized Debtors are an alter ego of or a de facto successor to the Committee, is expressly reserved; and it is further

ORDERED that the Court retains jurisdiction: (1) to interpret and to enforce the terms of this Order; and (2) to hear and to determine any and all motions, adversary proceedings, applications, causes of action or other contested or litigated matters concerning or relating to the Preference Claims (to the extent ever brought)

Dated: May 24, 2011

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE