```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE


IN RE:                              .    Chapter 11
                                    .
CAPMARK FINANCIAL GROUP INC.,       .    Case No. 09-13684(CSS)
et al.,                             .    (Jointly Administered)
                                    .
                                    .    April 11, 2011
                                    .    11:00 a.m.
          Debtors.                  .    (Wilmington)
                                    .


                    TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI
              UNITED STATES BANKRUPTCY COURT JUDGE
```

APPEARANCES:

For the Debtors:          Michael P. Kessler, Esq.
                          Dewey & LeBoeuf, LLP

                          Jason M. Madron, Esq.
                          Richards, Layton & Finger, P.A.

For the Committee:        Evan T. Miller, Esq.
                          Neil B. Glassman, Esq.
                          Bayard, P.A.

                          Jeffrey R. Gleit, Esq.
                          Adam L. Shiff, Esq.
                          Kasowitz, Benson, Torres
                          & Friedman, LLP

For the Goldman Lenders:  Marshall S. Huebner, Esq.
                          Andrew D. Schlichter, Esq.
                          Hilary Dengel, Esq.
                          Sagar K. Ravi, Esq.
                          Davis, Polk & Wardwell, LLP

                          Eric D. Selden, Esq.
                          Abrams & Bayliss, LLP

| | |
|---|---|
| For Dune Capital: | J. Eric Ivester, Esq.<br>Skadden, Arps, Slate, Meagher<br>& Flom, LLP |

VIA TELEPHONE:

| | |
|---|---|
| For the Committee: | Joshua Brody, Esq.<br>Jason S. Rappaport, Esq.<br>Kramer, Levin, Naftalis<br>& Frankel, LLP |
| For Dow Jones & Co.: | Peg Brickley<br>Dow Jones & Co. |
| For Arnold & Porter: | Michael J. Canning, Esq.<br>Arnold & Porter, LLP |
| For Deutsche Bank: | Alan E. Gamza, Esq.<br>Moses & Singer, LLP |
| For the Ad Hoc Committee of Pre-Petition Lenders: | Samuel M. Gross, Esq.<br>Kirkland & Ellis, LLP |
| | Marc B. Hankin, Esq.<br>Jenner & Block, LLP |
| For Citibank: | Meghan S. Towers, Esq.<br>Chadbourne & Park, LLP |
| | Fredric Sosnick, Esq.<br>Shearman & Sterling, LLP |
| | Debra J. Minoff, Esq.<br>Sidley Austin, LLP |
| Audio Operator: | Stephen Grant |
| Transcriptionist: | Jennifer Ryan Enslen<br>43 Bay Boulevard<br>Newark, De 19702<br>(302)836-1905 |

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1  hearing about, hearing is about, rather, is whether or not

2  the claims have been quote/unquote "dismissed". The hearing

3  could be about whether or not the Committee has obtained

4  standing to pursue those claims.

5           THE COURT: Well, but we're talking past each other,

6  because I agree with you that we're not here on a motion to

7  dismiss or summary judgment motion on the merits of the

8  claim. ==But an element of the standing motion that was before==

9  ==the Court, and that frankly I just lost sight of, forest for==

10 ==the trees, includes a finding that you have the burden on==

11 ==that there is a colorable claim.== ==And that goes to the==

12 ==merits.==

13           ==MR. SHIFF: Certainly.== And we're prepared, if the

14 Court would like to entertain sort of further argument, so to

15 speak, on the standing motion, since we are here on motion

16 for reconsideration, we're certainly prepared to do that

17 today. That's not, that's really not an issue. I mean, I

18 think in the first instance, as we were saying, we really

19 wanted to understand, and I think we've heard it, and it was

20 sort of, to be quite frank, our suspicion that in the context

21 of everything that was going on, we all didn't sort of focus,

22 you know, on addressing that one claim in the 94 page

23 opinion. So we're very happy to have further argument on the

24 standing claim. The Court certainly has the ability to have

25 said, Well, not only is evidentiary record closed from back

1    about it being any transaction.  And we also know from the

2    record that Goldman, in addition to serving, or being the,

3    you know, being on the lending side, and you know, I know

4    they say they're different Goldmans, which we're not going to

5    debate now.  I guess we'll debate that later, or whenever the

6    right time is.  I mean, they were, they had about nine

7    different agency roles, all of whom, some of whom received

8    fairly significant fees.  So I do think, certainly, if we do

9    go down the <u>Windstar</u>, <u>Foothills</u> type of analysis, there is

10   more than sort of meets the eye on one day in 2009.

11            THE COURT: All right.

12            MR. SHIFF: But I think the real question is just

13   sort of how the Court would best like to proceed.  Because it

14   may make sense, quite frankly, not to do this right - -

15            THE COURT: Well, here's what I'd like to do.  And

16   that is, I will grant the motion for reconsideration, in

17   part, to clarify that my ruling that the standing motion is

18   moot applied only to the settled claims.  And not the non-

19   insider preference claims.  ==I will take under advisement the==

20   ==merits of the standing motion in connection with the insider==

21   ==preference claims.==  Based upon the record that was produced

22   at trial and the briefing that was done at trial.  Post-

23   trial.  I think anything else, frankly, would be unfairly and

24   inappropriately reopening the record.

25            MR. SHIFF: Understood.

```
 1    headed, but I think we understand where the Court is.
 2            THE COURT: Well, I hope I'm clear.  Again, I'm
 3    going to, I'm clarifying that the finding that the standing
 4    motion was moot was limited to the settled claims and did not
 5    include the nine insider preference claims.  ==The standing==
 6    ==motion to pursue the non-insider preference claims was before==
 7    ==the Court.==  ==The record on that has been closed.==  ==The post-==
 8    ==trial briefing on that has been closed.==  ==I will decide that==
 9    ==on the merits.==  I will look at the post, I will look at the
10    reconsideration briefing to the limited extent it discusses
11    basically, you know, the appropriateness of the record, and
12    how that keys in.  Okay?
13            MR. SHIFF: Your Honor, if I can ask a question not
14    directly on what you just said, but a little bit off topic,
15    and I just would like to hear from the Court.  As we, as
16    you've indicated, there's another method by which these
17    claims could get addressed.  If the Committee were inclined
18    to, let's say withdraw the pending motion, I guess the
19    standing motion at this point, and rather work with the
20    Debtors and play out the claims as to how they would roll
21    forward, is that something that the Court - - you know, I
22    don't want to, if the Court's going to get upset at that, or
23    the Court says, No, the record is closed.  I need to decide.
24    It's fully briefed.  Then we're not even going to think about
25    it.  If it's something that may allow these cases to move
```

```
 1    bring these claims one day - -

 2              THE COURT: All right.

 3              MR. SHIFF:  - - and it doesn't need to be the

 4    Committee.

 5              THE COURT: Well - -

 6              MR. SHIFF: I will just say as a last note, because

 7    Mr. Huebner's read a lot of quotes, and I'll just take one.

 8    You know, if the Court will recall that in page 1 of their

 9    response to our original motion, they essentially said they

10    didn't object to the motion.  So a lot of this now is, was

11    brought up later.  A lot of this is a game of gotcha that was

12    being played post the Court's finding and trying to seize on

13    it.

14              THE COURT: All right.

15              MR. SHIFF: That's all, Your Honor.  Thank you.

16              THE COURT: Well, in connection with the dismissal

17    of the motion, given the procedural status we're in, I think

18    that a dismissal without prejudice would be unfair and not

19    permissible, absent Mr. Huebner's client's consent, which I

20    have a, just an inkling isn't forthcoming.  A dismissal of

21    the motion with prejudice, that's your decision.

22              MR. SHIFF: That's fine, Your Honor.

23              THE COURT: You know, the factual record that has

24    been made so far and expressed by the Court is what it is,

25    and to the extent it would have collateral effect on an
```

1   actual bringing of a claim on the merits, I don't know.  And

2   I'm not making a decision.  If you want me to decide the

3   standing motion at this point on the insider preference

4   claims, I will.  Otherwise, I think your only option is to

5   dismiss it with prejudice.

6           MR. SHIFF: And that's fine, Your Honor.  And I just

7   wanted to - - and I thought I did need permission from the

8   Court to do either one anyway, and that's why I wanted to

9   raise it.  And if you, we will - -

10          THE COURT: All right.

11          MR. SHIFF: We will think about those options, but

12  other, briefly.

13          THE COURT: Okay.

14          MR. SHIFF: And otherwise the Court will rule on - -

15          THE COURT: Let me know if that's the case.

16          MR. SHIFF:  - - you have a record.  And you have

17  everything you need.

18          THE COURT: Yes.  Yes.

19          MR. HUEBNER: Your Honor.

20          THE COURT: Last word.

21          MR. HUEBNER: I misspoke on one small thing which I

22  want to correct.  And I apologize.  I try very hard never to

23  misspeak and it's always a bad thing.

24          THE COURT: It's very difficult.

25          MR. HUEBNER: Yeah.

```
 1    they got, and deciding that - -
 2              THE COURT: All right.
 3              MR. HUEBNER:  - - those claims were no longer
 4    appropriate to pursue.
 5              THE COURT: Okay.  All right.  Yes.
 6              MR. IVESTER: Your Honor, Eric Ivester of Skadden
 7    Arps on behalf of Dune.  I just want to make clear that
 8    whoever owns the claims, we have an agreement both with the
 9    Debtors and with the UCC about an agreement in principle that
10    we'll be submitting to the Court shortly.
11              THE COURT: Very good.  Thank you.  Anything else?
12    Okay.  I'll, like I said, orally for the record, I'll grant
13    the motion for reconsideration in part to make it clear that
14    the finding and statement, to the extent it's a conclusion of
15    law, it is what it is, that the standing motion was moot, was
16    limited to the settled claims.  The standing motion to bring
17    the settled claims.  It did not apply to the non-insider
18    preference claims.  That issue was before the Court at that
19    time.  The hearing record and briefing record on that is
20    closed.  And I will take under advisement and address on the
21    merits, the standing motion.  If there is any change in
22    whether I need to do that, i.e. at this point, I guess it
23    would be the Committee withdrawing that motion with
24    prejudice, please inform me as soon as that decision is made
25    so I don't spend time I could be doing on other things like
```